UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY BARNETT GRIGGS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08-CV-2137-B |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

Before the Court are the Magistrate Judge's Findings and Recommendation ("F&R") on Petitioner Gregory Barnett Griggs' ("Griggs") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommends that the Court deny Griggs' application. Both Griggs and Respondent Rick Thaler ("Thaler") have filed objections to the F&R. The Court, having conducted a *de novo* review of those portions of the F&R to which the parties object, **OVERRULES** Thaler's and Griggs' objections and **DENIES** Griggs' application for a writ of habeas corpus for the reasons that follow.

I.

STATE COURT PROCEEDINGS

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Griggs is a Texas inmate convicted of aggravated sexual assault of an elderly person and sentenced to life imprisonment. The facts and procedural history underlying this case are detailed in the F&R as well as in numerous filings by the parties and thus are not belabored here. Griggs' sole claim for relief is

that he was denied effective assistance of counsel when his trial attorney failed to timely object to testimony by two prosecution witnesses in violation of an in limine order that he had sexually assaulted other elderly women.

After he was convicted by a jury in the state trial court, Griggs filed a direct appeal to the Tenth Court of Appeals in Waco, Texas. Griggs argued, *inter alia*, that the trial court erred in overruling his motion for mistrial after the prosecution elicited testimony from a Corsicana police officer and Griggs' cell mate that Griggs had sexually assaulted other elderly women. The Waco appeals court agreed and reversed Griggs' conviction, finding that the testimony about other sexual assaults was "highly prejudicial" and that the trial court had abused its discretion by denying Griggs' motion for a mistrial. *Griggs v. State*, 167 S.W.3d 74, 79 (Tex. App.–Waco 2005, pet. denied). After granting the State's petition for discretionary review, the Court of Criminal Appeals, in a divided opinion, reversed the Waco appeals court, finding that Griggs' counsel failed to timely object to the "other crimes" evidence and thus had failed to preserve the error for appeal. *Griggs v. State,* 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).

After losing on direct appeal, Griggs sought relief through post-conviction habeas corpus proceedings. In his initial state petition, he again complained about the "other crimes" evidence, this time couching his argument as a claim for ineffective assistance of counsel. Specifically, in his state petition Griggs argued that his counsel was ineffective for failing to timely object to the "other crimes" evidence. The state trial court, based on an affidavit submitted by Griggs' trial counsel, denied the petition, reasoning that Griggs' attorney's trial conduct was an appropriate exercise of trial strategy. *See In re Griggs,* WR-69, 649-01, 2008 WL 4532001, at *1 (Tex. Crim. App. Oct. 8,

2008). The Court of Criminal Appeals ultimately denied relief based on the findings of the trial court. *Id.* This action followed.

## II.

## FEDERAL COURT PROCEEDINGS

*A.     Magistrate Judge Kaplan's Findings and Recommendation*

As mentioned, Griggs' lone claim for relief is that he was denied effective assistance of counsel when his attorney failed to timely object to the testimony of two prosecution witnesses that he had sexually assaulted other elderly women. In assessing Griggs' claim, the Magistrate Judge properly relied on the two-pronged test for analyzing ineffective assistance of counsel claims, first articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).[1] In so doing, the Magistrate Judge also correctly recognized that his *Strickland* review was constrained by the considerable deference owed state court decisions on federal habeas review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). With these standards guiding his analysis, the Magistrate Judge concluded that Griggs' counsel's performance was deficient under *Strickland*'s first prong but that Griggs had failed to demonstrate that he was prejudiced by his counsel's conduct. Because Griggs failed to demonstrate prejudice, the Magistrate Judge recommended that Griggs' petition be denied.

The Magistrate Judge's reasons for concluding that Griggs' counsel's conduct failed *Strickland's* first prong are contained in the following excerpt from the F&R:

---

[1] Under the *Strickland* test, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687.

> The first inquiry under *Strickland* is whether counsel's failure to contemporaneously object to testimony linking petitioner to the rapes of other elderly women was an "appropriate exercise of trial strategy." It is difficult to envision how an objection by defense counsel, which could have been made outside the presence of the jury, would have drawn additional attention to this potentially damaging evidence. Both Gravitt and Grant referred to other rapes not once, but twice, during their testimony. (*See* SF-X at 57, 60-61, 80-81). Grant even elaborated that petitioner admitted to "rap[ing] three elderly women in his neighborhood[.]" (*Id.* at 81). Yet counsel remained silent. . . . It was not until the trial judge *sua sponte* questioned the prejudicial impact of this extraneous offense evidence that defense counsel finally asked for a mistrial or, alternatively, a limiting instruction. (*See* SF-X at 95-96). This is not a situation where counsel reasonably believed that Texas law permitted the state to elicit evidence linking petitioner to other sexual assaults. . . .
>
> . . . .
>
> . . . In fact, the trial judge repeatedly warned the prosecutor not to refer to other crimes involving petitioner, and to instruct his witnesses accordingly. (*See* SF-X at 17-18). Here, counsel made a "conscious decision not to object and draw additional attention to the briefly-mentioned alleged conduct[,]" believing the trial judge would take it upon himself to instruct the jury to disregard the evidence. *See Ex parte Griggs*, WR-69,649-01, Supp. Tr. at 6. That explanation strains credulity, particularly in view of counsel's motion in limine and prior warnings given by the trial court to the prosecutor not to elicit evidence of other crimes allegedly committed by petitioner. Despite these warnings, two witnesses testified that petitioner admitted raping other elderly women. While mention of these other sexual assaults may have been brief, the trial judge was concerned that the impact of this evidence on the jury was such that the case had been "jeopardized . . . to a large extent." (*See* SF-X at 92-93). Only after the judge invited the attorneys to suggest an appropriate remedial course of action did defense counsel ask for a limiting instruction. And that was *after* the court denied his request for a mistrial. If, as counsel represents, he made a conscious decision not to object to evidence linking his client to other sexual assaults, that decision fell below an objective standard of reasonable professional conduct. More likely, counsel did not realize that a timely objection, a request for a limiting instruction, and a motion for mistrial were necessary to preserve error for appeal. Under either scenario, the court has little difficulty concluding that the performance of counsel was constitutionally deficient.

(F&R at 9-10).

As mentioned, despite finding serious flaws in Griggs' counsel's performance, the Magistrate Judge, after an exhaustive review, concluded that Griggs was not prejudiced by his counsels' conduct, stating:

> The strength of . . . [the] evidence, including DNA test results that all but conclusively placed petitioner at the crime scene on the night of the assault, was more than enough to convince the jury of petitioner's guilt. Petitioner lived approximately one-half mile from the victim, bragged to one of his cellmates that he had raped an elderly woman in his neighborhood, and intimated to another cellmate that he committed the offense alleged in the indictment. Although counsel should have objected to clearly inadmissible evidence linking petitioner to other sexual assaults, the court cannot say that the magnitude of harm caused by counsel's deficient performance was so prejudicial that it undermines confidence in the outcome of the trial. *See Strickland*, 104 S.Ct. at 2068. To mitigate any harm, the trial court promptly instructed the jury not to "consider any testimony or evidence of alleged crimes or acts other than those which may relate to the alleged assault upon [the victim]." (SF-X at 97). At the conclusion of the trial, the court again instructed the jury not to consider "any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case[.]" (St. App. Tr. at 151). Juries are presumed to follow the court's instructions, and there is no indication that the jury in petitioner's case did not. *Robles v. Thaler*, 344 Fed.Appx. 60, 64, 2009 WL 2903664, at *4 (5th Cir. Sept. 8, 2009), *quoting Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987); *see also Harris v. Thaler*, No. H-08-3414, 2010 WL 1427270, at *3 (S.D. Tex. Apr. 8, 2010) (habeas petitioner convicted of aggravated robbery failed to show that state court ruling denying his motion for mistrial was contrary to clearly established federal law or objectively unreasonable, where jury was instructed by the trial court to disregard police officer's testimony linking him to another robbery). *But see Ard v. Thaler*, No. 3-07-CV-1127-D, 2009 WL 4249133, at *10 (N.D. Tex. Nov. 24, 2009) (limiting instruction did not cure prejudice where it all but invited the jury to consider a prior aggravated assault conviction in determining the central issue in a murder case—whether the shooting was intentional or accidental).
>
> . . . Were this a closer case, the jury instructions might not be sufficient to mitigate the prejudicial effect of evidence linking petitioner to other sexual assaults. However, the two limiting instructions given by the trial judge, combined with the strength of the evidence against petitioner, convince the court that petitioner was not prejudiced in the *Strickland* sense—that is, petitioner has not shown that there is a reasonable probability the outcome of his trial would have been different had counsel timely objected to this improper extraneous offense evidence. This ground for relief should be overruled.

(F&R 11-15).

### B. *Griggs' and Thaler's Objections to the F&R*

Thaler, objects to the Magistrate Judge's finding that Griggs' counsel's conduct was constitutionally deficient. He maintains that the Magistrate Judge erred in so finding because his

determination was not supported by "clear and convincing evidence" as required under § 2254(e)(1) of the AEDPA before a federal habeas court can disregard a state court's finding.

Griggs, for his part, objects to the Magistrate Judge's determination that Griggs suffered no prejudice as a result of his counsel's conduct and to his recommended denial of his petition. He specifically takes issue with the Magistrate Judge's conclusion that the strength of the prosecution's evidence against him ameliorated the prejudicial effect of the "other crimes" evidence.

## III.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be granted if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of subsection (d)(1). *Huricks v. Taylor*, No. 08-51050, 2011 WL 857015, at * 3 (5th Cir. Mar. 11, 2011) (citing *Ladd v. Cockrell*, 311 F.3d

349, 357 (5th Cir. 2002) and *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000)). A case is contrary to clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). In the context of a *Strickland* claim on federal habeas review, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable" and *not* whether the reviewing court itself believes trial counsel's performance violated *Strickland*'s standards. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). In other words, the AEDPA does not permit a *de novo* review of state trial counsel's conduct under *Strickland*. *Id.* Instead, on federal habeas review of a claim fully adjudicated in state court, the state court's determination is granted, "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* When deciding if the state court's decision involved an unreasonable application of clearly established federal law, the federal habeas court looks to whether the state court's decision was *objectively* unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2000) (other citations omitted). The state court's determination is upheld under this deferential standard "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Compare § 2254(d)(1) with § 2254(d)(2), which relates to the *factual* determinations made by state courts in the context of ineffective assistance of counsel claims. Section 2254(d)(2) applies when the state court has identified the correct governing legal principle [*ie. Strickland*], but unreasonably applies that standard to the *facts* of the case. In addressing whether a particular claim was properly before it, the Supreme Court clarified the distinction between sections (d)(1) and

- 7 -

(d)(2) in the context of an ineffective assistance of counsel claim: "[w]hether the state court reasonably determined that there was a strategic decision [by counsel] under § 2254(d)(2) is a different question from whether the strategic decision itself was a reasonable exercise of professional judgment under *Strickland* or whether the application of *Strickland* was reasonable under § 2254(d)(1)." *Wood v. Allen,* 130 S. Ct. 841, 850 (2010).

Section 2254(e)(1) of the AEDPA pertains to state court determinations of purely *factual* issues and provides that such factual determinations are "presumed to be correct" on federal habeas review and may be set aside only if the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1); *Wood*, 130 S. Ct. at 845. Section 2254 (e)(1)'s presumption of correctness has been described by the Supreme Court as "arguably more deferential" to the state court than the "unreasonable determination" standard for factual determinations under § 2254(d)(2). *Wood*, 130 S. Ct. at 849. How federal courts are to reconcile the § 2254(d)(2) standard with the "arguably more deferential" standard of § 2254 (e)(1) on federal habeas review of mixed questions of law and fact—such as ineffective assistance of counsel claims—is not clear. *Fields v. Thaler*, 588 F.3d 270, 280 (5th Cir. 2009). The Supreme Court has "explicitly left open the question whether § 2254(e)(1) applies in every case presenting a challenge under § 2254 (d)(2)." *Wood*, 130 S.Ct. at 849. Some guidance on the topic is found in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), where the Court instructed: "[t]he clear and convincing evidence standard . . . found in § 2254 (e)(1) . . . pertains only to state court determinations of *factual* issues, rather than *decisions*." *Id.* at 341 (emphasis added). In making that pronouncement, the Supreme Court rejected the Fifth Circuit's holding in that case that relief under § 2254(d)(2) required a showing "that the state court *decision* was objectively unreasonable by clear and convincing evidence" describing this

standard as "too demanding." *Id.* (emphasis added). Having acknowledged the confusion over precisely how § 2254(d)(2) and § 2254(e)(1) "fit together"[2] for purposes of federal habeas review of ineffective assistance of counsel claims, the Court turns to the parties' objections.

## IV.

## ANALYSIS

### A. *Thaler's Objection*

Thaler objects that the Magistrate Judge erred in concluding that Griggs' state trial counsel's conduct was constitutionally deficient because this conclusion—at odds with the state court's finding that counsel's actions were *not* deficient—was not supported by clear and convincing evidence as required under § 2254(e)(1).

Thaler's argument centers on the following statement by the Magistrate Judge in an excerpt from the F&R:

> If, as counsel represents, he made a conscious decision not to object to evidence linking his client to other sexual assaults, that decision fell below an objective standard of reasonable professional conduct. More likely, counsel did not realize that a timely objection, a request for a limiting instruction, and a motion for mistrial were necessary to preserve error for appeal.

(Respt.'s Objs. at 4 (citing F&R at 10)).

From this language, Thaler draws the following conclusion:

> Although not explicitly stated, the magistrate judge apparently thus found that his review of the record revealed clear and convincing evidence sufficient to overcome the presumption of correctness that attached to the finding of the state courts that counsel made a strategic decision not to object.

(*Id.*) The Court finds Thaler's argument flawed in a several respects.

---

[2] *See Wood,* 130 S. Ct. at 849.

####### i. The Proper Standard of Review

First, and as addressed above, it is by no means clear that a state court's determination that trial counsel's performance was an appropriate exercise of trial strategy, and thus not constitutionally deficient is, always subject to § 2254(e)(1)'s clear and convincing evidence standard on federal habeas review. It seems, at a minimum, that in order to trigger § 2254(e)(1)'s clear and convincing standard of factual deference, the underlying facts relied on by the state forum in reaching its decision must vary in some material respect with those later relied upon by the federal court in reaching a contradictory decision. That is simply not the case here, as a closer review of Thaler's objection reveals.

Underlying Thaler's assertion appears to be the Magistrate Judge's expressed skepticism of the credibility of Griggs' counsel's assertion contained in his affidavit—apparently adopted and relied upon by the state trial court—that counsel made a conscious decision not to object and draw additional attention to the references about other sexual assaults. But the fact that the Magistrate Judge questioned state trial counsel's explanation for his actions and then surmised a "more likely" scenario, does not equate to a shift from the facts underlying the state court's determination. Even when hypothesizing about the "more likely" reasons for counsel's failure to object, the Magistrate Judge did not refer to any facts different from or contradictory to those relied upon by the state court. In any event, the Magistrate Judge concluded his brief exercise in conjecture with the statement that "[u]nder *either* scenario, the court has little difficulty concluding that the performance of counsel was constitutionally deficient." (F&R at 10 (emphasis added)).

A detailed review of the Magistrate Judge's conclusion that Griggs' counsel's performance was deficient, reveals that it rests upon the very the same facts that the state judge relied upon in

coming to the opposite conclusion. As mentioned, there is nothing in the F&R that reveals that new facts, introduced extrinsically or gleaned from the record, formed the basis for the Magistrate Judge's conclusion that Griggs' counsel's performance was substandard. In fact, nowhere does Thaler dispute any portion of the Magistrate Judge's detailed factual rendition of Griggs' pretrial, trial, and post-trial proceedings contained in the F&R. Instead, it appears that from the *same* set of underlying *facts*, the state trial judge and the Magistrate Judge reached two different *legal* conclusions as to the constitutional sufficiency of counsel's conduct. For these reasons, the Court rejects Thaler's contention that the Magistrate Judge had to surmount § 2254(e)(1)'s clear and convincing standard before finding Griggs' counsel's conduct deficient. On the other hand, because claims of ineffective assistance of counsel involve mixed questions of law and fact, and because the Magistrate Judge reaches the opposite conclusion as to Griggs' counsel's performance than the state court, Magistrate Judge's determination must overcome § 2254(d)(2)'s deferential "unreasonable application" standard to stand. It is that issue to which the Court turns next.

    ii. <u>Whether the Trial Court's Determination was "Objectively Unreasonable"</u>

  Having reviewed the entire record in this case, including the full trial transcript, the Court finds, pursuant to § 2254(d)(2), that the state court's determination that Griggs' trial counsel's performance was not deficient was an objectively unreasonable application of *Strickland* for several reasons. First, without repeating in detail the reasons the Magistrate Judge relied upon in concluding that Griggs' counsel's performance was deficient, suffice it to say that the Court wholly agrees with and adopts those reasons in support of its rejection of the state court's finding. To elaborate, trial counsel commenced Griggs' trial armed with an in limine order from the court barring any mention of the other sexual assaults by the prosecutor or his witnesses. When the

prosecutor brazenly or recklessly[3] violated the in limine order—with not one but two witnesses, one of whom was a trained local police officer who twice stated Griggs had raped *three* elderly women—counsel should have immediately objected. He did not. Instead he permitted three separate references to his client's commission of identical heinous crimes to go completely unchallenged before the jury. Counsel's justification for his silence—that he did not want to draw additional attention to the forbidden sexual assault evidence is simply not reasonable under the circumstances. This was not a stray reference, for example, as in a drug prosecution to a burglary charge or another drug conviction. It was a thrice-mentioned reference to highly disturbing, seemingly identical conduct to that charged, committed by the defendant in the local community. It is difficult to fathom how counsel's objection could possibly, under the circumstances, have drawn *more* attention than what had already been drawn by the allusions by a local police officer that Griggs engaged in predatory behavior against elderly women in the jury's own backyard. In fact, it is actually more reasonable that the jury was *looking* for some immediate reaction by counsel that at least suggested the information was faulty.

That counsel's failure to object could be considered a reasonable exercise in trial strategy is all the more nonsensical given Texas' well-settled contemporaneous objection rule. That rule provides, "[f]or error to be preserved with regard to the subject matter of [a] motion in limine, it is absolutely necessary that an objection be made at the time when the subject is raised during the trial." *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985). While, the Sixth Amendment does not require counsel to make useless objections, there is no indication in the record—from the

---

[3] Whether or not the prosecution's missteps were intentional is unanswered in the record. He vehemently denied intentional conduct.

trial court transcript to the appellate courts' opinions—that lodging an objection to this inflammatory evidence would have been a frivolous exercise. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (counsel not required to make frivolous objections). To the contrary, the trial record reveals that the trial judge himself was non-plussed over counsel's silence in the face of the violations of the court's "rulings and instruction" regarding the "extraneous offenses" and seeking "instruction" from Griggs' counsel as to an appropriate action by the court. (F&R at 4, 10 (citing SF-X at 17-18)). Under these circumstances, this Court agrees with the Magistrate Judge's conclusion that Griggs' counsel's performance was constitutionally deficient and *overrules* Thaler's objection on this point.

  B. *Griggs' Objection*

Griggs objects to the Magistrate Judge's determination under the second prong of *Strickland* that Griggs was not prejudiced by his counsel's deficient performance. He maintains that the conclusory nature of the state trial court's findings render them unworthy of AEDPA deference. The Court turns first to Griggs' complaints regarding the quality of the state court's findings.

Griggs' state habeas petition raised the claim that his trial counsel was ineffective, *inter alia,* for failing to object to the other crimes evidence. The state trial judge, who also presided over Griggs' state habeas proceedings, initially entered detailed "findings of fact and conclusions of law" denying the petition. SHCR at 151-178. On review, the Court of Criminal Appeals remanded the petition for additional facts, including an affidavit from Griggs' state trial counsel addressing Griggs' contentions, including why counsel "failed to object to multiple instances of extraneous offense

testimony . . ." Supp. SHCR at 1-2. Counsel supplied the affidavit [4] and the state trial court again denied Griggs' petition. This time, the Court of Criminal Appeals affirmed the state court's denial of Griggs' petition.

Griggs complains that the Magistrate Judge erred in deferring to the state court's findings. He maintains that the findings are bereft of factual support for determining that Griggs was not prejudiced by his trial counsel's conduct. Griggs specifically faults the state habeas court for failing to reconcile its vindication of Griggs' counsel's performance with the fact that it was counsel's failure to object that caused the Court of Criminal Appeals to reject Griggs' direct appeal in the first instance. (Pet.'s Objs. at 13).[5] But these perceived shortcomings do not suffice to deny the findings of AEDPA deference.

---

[4] Griggs' trial counsel's affidavit provided, in pertinent part:
> Based on previous trial practice, I believed that the Court would give a prompt instruction to disregard, which would likely cure any error, however I made a conscious decision not to object and draw additional attention to the briefly-mentioned alleged conduct. The Court shortly thereafter gave curative instructions, which would certainly have been given in response to any objection. The Court of Criminal Appeals has addressed this issue on direct appeal and found no reversible error. *Ex parte Griggs*, WR-69,649-01, Supp. Tr. at 6.

[5] To avoid confusion, it is important to clarify that the Court does not consider Griggs' references to his counsel's failure to contemporaneously object to the extraneous offense testimony, which in turn caused a forfeiture of its consideration on appeal, to constitute an independent claim of ineffective assistance of counsel. Nowhere in the record does Griggs posit that his counsel was legally ineffective *because* he failed *to preserve this issue for appeal*. And it is far too late to amend his petition to add new claims at this juncture. Instead, the Court views his references to the appellate consequences of his counsel's failure to contemporaneously object as an attempt to fortify his argument that his counsel's trial conduct was deficient. The Court further considers Griggs' discussion about the appellate consequences of his counsel's omission to be offered in support of his position that the state trial court findings, because they omit any reference to the appellate courts' analyses, are too conclusory to warrant AEDPA deference.

Even summary rulings by state habeas court are not to be denied AEDPA deference. *Harrington*, 131 S. Ct. at 784 ("There is no merit to the assertion that compliance should be excused when state courts issue summary rulings . . ."). As the Supreme Court has recognized, AEDPA deference "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (collecting cases) (other citations omitted). Instead, the burden falls to the state habeas petitioner to show that there was no reasonable basis for the state court to deny relief. *Id.* Requiring more out of the state courts tasked with reviewing scores of these petitions regularly ignores the notion that "[o]pinion-writing practices in state courts are influenced by considerations other than avoiding scrutiny by collateral attack in federal court." *Id.* (other citations omitted).

Here, Griggs has failed in his burden of showing that there was no reasonable basis for the state court to deny relief. That the state court failed to reference the appellate courts' opinions addressing his counsel's failure to preserve error, does not render the state court's findings unworthy of AEDPA deference. As mention in footnote 5, *supra,* Griggs has not raised a claim here that his counsel was ineffective *because* he failed to preserve error for appeal. And although the state trial court's supplemental findings are not as detailed as those initially filed, the fact remains that in the aggregate, the state trial court supplied a total of twenty-eight pages of factual and legal findings supporting its decision to deny Griggs' petition. And it cannot be overlooked that the state habeas court reviewing the merits of Griggs' claims was the same judge who presided at trial. *See Barrientes v. Johnson*, 221 F.3d 741, 773-74 n. 26 (5th Cir. 2000) (the presumption of correctness accorded state court findings on federal habeas review is "especially strong" when the state trial judge and state habeas judge are one and the same.). In sum, the purported defects in the state court findings

referred to by Griggs—even if the Court were to agree that they were, in fact, defects—do not suffice to deny them AEDPA deference under § 2254(d)(2).

Moving next to Griggs' primary challenge to the F&R, that the Magistrate Judge erred in finding that Griggs' was not prejudiced by his counsel's conduct, again the Court sides with the Magistrate Judge. Overarching this Court's review of Griggs' claim regarding prejudice is the recognition that the Court is not permitted to conduct a *de novo Strickland* review of the prejudice issue. *Harrington*, 131 S. Ct. at 785-86 ("A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.") Instead of reviewing counsel's performance anew under *Strickland,* the AEDPA requires the federal habeas court to:

> . . . determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in [*Strickland*] . . . .

*Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63 (2003)).

Were this Court's review not subject to the AEDPA's ironclad deferential standard, perhaps the state prosecutor's breathtaking blunder in allowing three references to Griggs' purported rapes of other elderly women before the jury would produce a different result here. Certainly, a majority of the Tenth Court of Appeals in Waco thought the evidentiary mishap "highly prejudicial" and incapable of being cured by an instruction from the court. Nonetheless, this Court must, as did the Magistrate Judge, determine what theories could have supported the finding by the state habeas court that Griggs was not prejudiced by his counsel's failure to object.

In so doing, the Magistrate Judge properly examined the strength of the other evidence against Griggs. *See Williams v. Taylor,* 529 U.S. 362, 398 (2000) (in assessing prejudice under *Strickland*, the court should examine the strength of the prosecution's evidence against the defendant). The Magistrate judge went to great lengths reviewing the evidence adduced at trial, which included the glove found near the crime scene containing Griggs' DNA, as testified to by two analysts, one of whom had been hired by Griggs. The analysts also testified that the odds that the DNA found in the glove was someone other than Griggs were somewhere around "one in 17 trillion" or "one in 9.8 quintillion." (F&R at 12-13). There was also evidence, the Magistrate Judge noted, that Griggs live in proximity to the rape victim and testimony by two of Griggs' former cell mates that Griggs had confessed to the crime. In view of the "strength of this evidence" the Magistrate Judge concluded that "[e]ven without this extraneous offense evidence, the jury likely would have convicted petitioner of aggravated sexual assault of an elderly person." (*Id.* at 11). After a complete *de novo* review of the record, including the entire trial transcript, this Court agrees.

## V.

## CONCLUSION

For the foregoing reasons, after considering Thaler's and Griggs' objections and after coducting a *de novo* review of the record, the Court, ACCEPTS the F&R of the United States Magistrate Judge and **OVERRULES** Thaler's and Griggs' objections. Griggs' application for a writ of habeas corpus is **DENIED**.

Furthermore, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that

reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[6]

In the event, the petitioner will file a notice of appeal, the court notes that

( )  the petitioner will proceed *in forma pauperis* on appeal.

( X )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

**SIGNED on this 26th day of April, 2011.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[6] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.